IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

PRISCILLA A. ELLIS,

     Plaintiff,

v.                                                                                     Civil Action No. 4:26-cv-00172-P

UNITED STATES OF AMERICA,

     Defendant.

## **DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

RYAN RAYBOULD
UNITED STATES ATTORNEY

Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8737
Facsimile:   214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendant

**Table of Contents**

I.     Introduction ................................................................................................... 1

II.    Background.................................................................................................... 2

III.   Argument and Authorities ........................................................................... 3

       A.    Standard of Review ............................................................................ 3

       B.    The Court should dismiss Plaintiff's claims for failure to exhaust
             administrative remedies.................................................................... 5

       C.    The Court should dismiss Plaintiff's claims for negligence and
             negligent supervision (Counts I, VI, and VII) not only because
             Plaintiff has failed to exhaust these claims but also because they are
             barred by the discretionary function exception. ............................. 7

       D.    The Court should dismiss Plaintiff's intentional infliction of
             emotional distress claims (Counts II and III) not only because
             Plaintiff has failed to exhaust these claims but also because they are
             not valid under Texas law. ........................................................... 11

IV.    Conclusion.................................................................................................. 12

# Table of Authorities

Cases

*Adams v. United States*,
   615 F.2d 284 (5th Cir.), *clarified*, 622 F.2d 197 (1980) ......................................... 7

*Atorie Air, Inc. v. Fed. Aviation Admin.*,
   942 F.2d 954 (5th Cir. 1991) ................................................................................. 8

*Barber v. United States*,
   642 Fed. App'x 411 (5th Cir. 2016) .................................................................... 7–8

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
   581 U.S. 170 (2017) ............................................................................................... 5

*Brownback v. King*,
   592 U.S. 209 (2021) ............................................................................................... 4

*Cook v. United States*,
   978 F.2d 164 (5th Cir. 1992) ................................................................................. 7

*Cook v. United States*,
   No. 4:10-cv-291-A, 2010 WL 2990763 (N.D. Tex. July 28, 2010) ...................... 12

*Creditwatch, Inc. v. Jackson*,
   157 S.W.3d 814 (Tex. 2005) ................................................................................ 12

*Day v. Rogers*,
   260 Fed. App'x 692 (5th Cir. 2007) ..................................................................... 12

*Den Norske Stats Oljeselskap As v. HeereMac Vof*,
   241 F.3d 420 (5th Cir. 2001) ................................................................................. 4

*Dorsey v. Relf*,
   No. 4:12-cv-021-A, 2013 WL 791604 (N.D. Tex. Mar. 4, 2013) ......................... 11

*Dretar v. Smith*,
   752 F.2d 1015 (5th Cir. 1985) .............................................................................. 10

*Dudley v. United States*,
   No. 4:19-cv-317-O, 2020 WL 532338 (N.D. Tex. Feb. 3, 2020) ........................... 9

*Ellis v. Carr*,
   No. 4:20-cv-1356-P, 2021 WL 639954 (N.D. Tex. Jan. 19, 2021) ........................ 2

*Ellis v. Director, FBOP*,
    No. 1:23-cv-00632-ACR (D.D.C. Mar. 2, 2023) ...................................................... 2

*FDIC v. Meyer*,
    510 U.S. 471 (1994) .................................................................................................. 4

*Gregory v. Mitchell*,
    634 F.2d 199 (5th Cir. 1981) ..................................................................................... 6

*Hinojosa v. U.S. Bureau of Prisons*,
    506 Fed. App'x 280 (5th Cir. 2013) .......................................................................... 6

*Hoffman-La Roche Inc. v. Zeltwanger*,
    144 S.W.3d 438 (Tex. 2004) .................................................................................. 12

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .................................................................................................. 3

*McNeil v. United States*,
    508 U.S. 106 (1993) ............................................................................................. 6, 8

*Menchaca v. Chrysler Credit Corp.*,
    613 F.2d 507 (5th Cir. 1980) ................................................................................ 3, 4

*Peteet v. Hawkins*,
    No. CV H-17-1312, 2018 WL 4039375 (S.D. Tex. July 17, 2018) ......................... 9

*Price v. United States*,
    69 F.3d 46 (5th Cir. 1995) ..................................................................................... 6, 7

*Ramirez v. United States*,
    No. 4:17-cv-1142, 2018 WL 6977340 (S.D. Tex. Dec. 18, 2018) ........................... 9

*Rise v. United States*,
    630 F.2d 1068 (5th Cir. 1980) ................................................................................... 9

*Roe v. United States*,
    839 Fed. App'x 836 (5th Cir. 2020) ....................................................................... 12

*Shirley v. United States*,
    No. 4:03-cv-1385-Y, 2006 WL 708651 (N.D. Tex. Mar. 21, 2006) ...................... 10

*Spotts v. United States*,
    613 F.3d 559 (5th Cir. 2010) ................................................................................. 10

*Standard Fruit & Vegetable Co., Inc. v. Johnson,*
    985 S.W.2d 62 (Tex. 1998) ............................................................... 11, 12

*United States v. Gaubert,*
    499 U.S. 315 (1991) ........................................................................ 10

*Warnock v. Pecos Cnty., Tex.,*
    88 F.3d 341 (5th Cir. 1996) ................................................................. 4

*Williams v. United States,*
    693 F.2d 555 (5th Cir. 1982) ............................................................... 7

*Williamson v. Tucker,*
    645 F.2d 404 (5th Cir. 1981) ............................................................... 3

## Statutes, Regulations, and Rules

28 U.S.C. § 1346(b) ........................................................................ 4, 5, 11

28 U.S.C. § 2675(a) ......................................................................... 5, 6, 7

28 U.S.C. § 2679(d)(1) ......................................................................... 3

28 U.S.C. § 2680(a) ............................................................................ 10

28 C.F.R. § 501.3 ................................................................................. 2

Fed. R. Civ. P. 12(b)(1) ..................................................................... 3, 4, 5

Fed. R. Civ. P. 12(b)(6) ....................................................................... 3, 5

Fed. R. Civ. P. 56 ................................................................................. 3

## I.      Introduction

Plaintiff Priscilla A. Ellis claims that she was sexually assaulted by Everette Cottrell while incarcerated at the Federal Medical Center ("FMC") Carswell in Fort Worth, Texas.  At the relevant time, Cottrell was an employee of the Federal Bureau of Prisons ("BOP") and an Administrative Unit Manager.  Cottrell has since retired.[1]  In her amended complaint, Plaintiff raises claims of negligence, intentional infliction of emotional distress, sexual assault, and negligent supervision against the United States under the Federal Torts Claim Act ("FTCA").  *See* Doc. 52-1, at 25–34.[2]  In support of these claims, Plaintiff contends that the United States acted negligently insofar as the BOP purportedly did not exercise reasonable care and failed to create and implement procedures, provide training, and ensure proper supervision that would have protected her and other prisoners from a reasonable risk of sexual abuse.  However, this action was premature when filed and is therefore subject to dismissal.  Because jurisdiction must be assessed at the time of filing, and cannot arise afterward or via subsequent amendments, Plaintiff cannot maintain this action.  Alternatively, Plaintiff's claims cannot be reconciled with the terms of the limited waiver of sovereign immunity that the FTCA provides.

---

[1] Cottrell denies all allegations of misconduct, and Plaintiff's allegations played no role in his decision to retire.

[2] "Doc. __" citations refer to the items on the Court's electronic docket.  The referenced page numbers are the ECF-generated page numbers at the top of the pages in each document.  Plaintiff also raises claims of intentional infliction of emotional distress and sexual assault against Cottrell and a claim of negligent supervision against three individuals who served as wardens or associate wardens at FMC Carswell.  *See* Doc. 52-1, at 29–32, 34–35.  However, because the United States has substituted as the defendant in place of all four of these individuals, Plaintiff's claims against the individuals are construed as claims against the United States under the FTCA.

## II.    Background

Plaintiff arrived at FMC Carswell in 2019 and was assigned to the high-security Administrative Unit.  At the request of the United States Attorney's Office, Plaintiff was subsequently placed on Special Administrative Measures pursuant to 28 C.F.R. § 501.3, which were implemented by Cottrell, Plaintiff's Unit Manager.  Plaintiff initiated multiple actions in various courts, including this one, objecting to her placement in the Administrative Unit, the Special Administrative Measures, and her general treatment at FMC Carswell.  *See, e.g.*, *Ellis v. Carr*, No. 4:20-cv-1356-P, 2021 WL 639954 (N.D. Tex. Jan. 19, 2021).

After leaving FMC Carswell, Plaintiff alleged that Cottrell had sexually abused her, and she submitted an administrative tort claim on December 14, 2022.  Appendix ("App.") at 2, 4, 9.  Less than three months later, on March 2, 2023, and without having received a response to the claim from the BOP, Plaintiff initiated this lawsuit in the District of Columbia.  *See Ellis v. Director, FBOP*, No. 1:23-cv-00632-ACR (D.D.C. Mar. 2, 2023).  Plaintiff consistently failed to effectuate service on any of the defendants named in her original complaint.  On December 4, 2023, the BOP denied Plaintiff's administrative claim and mailed Plaintiff a denial letter.  App. at 2, 11–14.  In response to this denial, Plaintiff took no direct action, but she did file a self-styled motion for summary judgment on December 19, 2023, which referenced the denial.  *See* Doc. 11.  The D.C. court denied this motion because Plaintiff had not completed service.  *See* Doc. 12.

On May 19, 2025, more than two years after filing this lawsuit, Plaintiff amended her complaint. *See* Doc. 25. The matter was subsequently transferred to the Northern District of Texas where Plaintiff, again, amended her complaint. *See* Doc. 52-1. In the live complaint, Plaintiff brings FTCA claims for negligence (Count I), intentional infliction of emotional distress (Count II), sexual assault (Count IV), and negligent supervision (Count VI). Plaintiff also brought claims of intentional infliction of emotional distress (Count III) and sexual assault (Count V) against Cottrell and a claim of negligent supervision (Count VII) against three other individuals, who were wardens or associate wardens at FMC Carswell. The United States then substituted itself as the sole defendant in place of all the individual defendants pursuant to 28 U.S.C. § 2679(d)(1), converting the entire action into a claim against the United States under the FTCA. The United States now moves to dismiss the entire complaint.

### III.    Argument and Authorities

### A.    Standard of Review

Once a defendant raises lack of subject-matter jurisdiction in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Unlike a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56, "no presumptive truthfulness attaches to plaintiff's allegations." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Matters outside the pleadings may be considered in a Rule 12(b)(1) motion. *See*

*Menchaca*, 613 F.2d at 511. Specifically, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

Under the FTCA, the United States waived sovereign immunity "for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994)). Federal courts have jurisdiction over these claims if they are "actionable under [28 U.S.C.] § 1346(b)." *Meyer*, 510 U.S. at 477. Thus, to be actionable, the FTCA claim must be: (1) against the United States, (2) for money damages, (3) for injury or loss of property, or personal injury or death, (4) caused by the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Dismissal under Rule 12(b)(1) is proper in cases where claims are barred by the sovereign immunity doctrine, which operates as a jurisdictional bar to suit. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

Furthermore, "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback*, 592 U.S. at 217 (quoting *Meyer*, 510 U.S. at 477). And in FTCA cases involving sovereign immunity, "the 'merits and jurisdiction

will sometimes come intertwined,' and a court can decide 'all . . . of the merits issues' in resolving a jurisdictional question, or vice versa." *Id*. (quoting *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co*., 581 U.S. 170, 178 (2017)).  Thus, even though a plaintiff "need not *prove* a § 1346(b)(1) jurisdictional element for a court to maintain subject-matter jurisdiction over his claim," a plaintiff nevertheless "must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim."  *Id*. at 217–18.  Where a plaintiff fails to plausibly allege an element that falls under both a merit element of a claim and a jurisdictional element, a court may dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6) or both.  *Id*. at 218 n.8.

**B.**    **The Court should dismiss Plaintiff's claims for failure to exhaust administrative remedies.**

Plaintiff submitted her administrative tort claim to the BOP on December 14, 2022.  App. at 2, 4, 9.  Once filed, the BOP was afforded six months to investigate the claim and either settle it or deny it.  *See* 28 U.S.C. § 2675(a).  Therefore, Plaintiff was entitled to sue either upon receiving a written denial from the agency or after six months had passed since she presented her claim.  *Id.*  The BOP denied Plaintiff's claim and placed the denial in the mail on December 4, 2023.  App. at 2, 11–14.

Plaintiff filed her lawsuit on March 2, 2023, before the six-month period had run and before she received a written denial.  *See* Doc. 1.  This was too early.  As the Fifth Circuit has recognized, it is irrelevant that the six-month period eventually ran or that Plaintiff received a written denial after initiating this action:

> The subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months.  An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed.  This requirement is jurisdictional, and may not be waived.

*Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (internal citations omitted).  The Fifth Circuit's decision mirrored an earlier decision of the Supreme Court that reached the same conclusion.  *See McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that failure to exhaust administrative remedies before filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion after the suit is filed).

Because this lawsuit was premature when it was filed, Plaintiff cannot rely on her subsequent amendments to save her from dismissal.  "'The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA'; such jurisdiction must exist *at the time of filing*."  *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. App'x 280, 282 (5th Cir. 2013) (per curiam) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981)).  Further, "[a]s a waiver of sovereign immunity, the FTCA must be strictly construed, and consequently, claims under it must strictly comply with its terms."  *Id.*  "As a result, even if the administrative claim has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim."  *Id.*; *see also Price*, 69 F.3d at 54 (precluding the passage of time from curing the jurisdictional issue created by filing an unexhausted claim).  In

Defendant's Motion to Dismiss and Brief in Support – Page 6

sum, because the court does not have jurisdiction over any of Plaintiff's FTCA claims, which are the only remaining claims, Plaintiff's lawsuit should be dismissed in its entirety.[3]

**C.    The Court should dismiss Plaintiff's claims for negligence and negligent supervision (Counts I, VI, and VII) not only because Plaintiff has failed to exhaust these claims but also because they are barred by the discretionary function exception.**

Before filing suit in federal court, a plaintiff must satisfy the jurisdictional prerequisite of "first presenting the claim[s] to the appropriate Federal agency." 28 U.S.C. § 2675(a); *Price*, 69 F.3d at 54; *Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir. 1992). The purpose of the presentment requirement is two-fold: "(1) to ease court congestion and encourage settlement of claims; and (2) to provide for more fair and equitable treatment of private individuals in their tort claims against the government." *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) (citing *Adams v. United States*, 615 F.2d 284, 288 (5th Cir.), *clarified*, 622 F.2d 197 (1980)). Although there is no particular form or manner of filing an administrative claim, the presentation requirement is satisfied by: "(1) giv[ing] the agency written notice of [the] claim sufficient to enable the agency to investigate and (2) plac[ing] a value on [the] claim." *Id*. Because the FTCA provides a waiver of sovereign immunity, compliance with the presentment requirement "must be strictly construed in favor of the United States."

---

[3] Although the Court should dismiss this entire lawsuit based on Plaintiff's failure to exhaust, the United States includes in the remainder of this motion additional arguments in support of dismissal. The United States does not address Plaintiff's Counts IV and V alleging sexual assault. The United States believes that those counts are subject to dismissal, but reserves the right to advance its arguments in support of dismissal of those counts in a future filing, if necessary.

*Barber v. United States*, 642 Fed. App'x 411, 413–14 (5th Cir. 2016) (quoting *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 958 (5th Cir. 1991)); *see, e.g.*, *McNeil*, 508 U.S. 106 (1993).

In December 2022, Plaintiff presented a substantive tort claim to the BOP concerning the alleged sexual abuse.  App. at 2, 4, 9.  Her administrative claim, however, did not allege negligence in the BOP's internal procedures or in its supervision of BOP officers.  Rather, it was limited to the alleged abuse.  It read as follows:

> I was consistently sexually assaulted by Everett Cottrell an employee of Federal Bureau of Prisons.  He touched my breast & buttocks, rub his penis against my butt, used vulgar sexual language, made unsolicited sexual advances, made threats causing mental, physical pain & emotional anxiety using wonton & reckless misconduct causing lifetime injury.

App. 4.  Plaintiff has not filed any other administrative tort claim concerning this conduct.  App. 1–2.  Although Plaintiff now argues that the BOP was chronically unable to eliminate sexual assault within its institutions and had notice of Cottrell's alleged misconduct, nowhere in the filed administrative claim did Plaintiff make any assertion that notified the BOP of any of the broader claims of negligence that she now presses.

Indeed, Plaintiff did not allege in her administrative claim that the BOP "should have known" Cottrell had a propensity or history of inappropriate actions toward inmates, Doc. 52-1 at ¶¶ 177–78, had failed to "exercise reasonable care," *id.* at ¶ 181, had "failed to create and implement procedures, training, and supervision that would protect prisoners," *id.* at ¶ 182, had "failed to adequately monitor and supervise employees," *id.* at ¶ 183, or any of the other claims Plaintiff now raises in Counts I, VI, or VII.

Numerous courts have found that similar circumstances constituted a failure to exhaust administrative remedies. *See, e.g.*, *Dudley v. United States*, No. 4:19-cv-317-O, 2020 WL 532338, at \*11 (N.D. Tex. Feb. 3, 2020) (holding that the plaintiff had failed to exhaust administrative remedies on negligence claims because the administrative claim described only the alleged sexual assault and the alleged harassment suffered after reporting the assault, but "did not provide any other facts putting the government on notice of any other potential claims"); *Peteet v. Hawkins*, No. CV H-17-1312, 2018 WL 4039375, at \*4, \*6 (S.D. Tex. July 17, 2018), *report and recommendation adopted*, No. CV H-17-1312, 2018 WL 4033775 (S.D. Tex. Aug. 23, 2018) (finding that the plaintiff had not exhausted administrative remedies on a negligent supervision claim where the administrative claim "only alleged that [the defendant] assaulted her" and did not contain any allegation of negligent supervision or any facts suggesting assault should have been foreseeable to BOP management); *Ramirez v. United States*, No. 4:17-cv-1142, 2018 WL 6977340, at \*3 (S.D. Tex. Dec. 18, 2018) (same).

Accordingly, Plaintiff failed to alert the United States of "facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant" as to Plaintiff's claims of negligence that she now asserts. *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980) (holding that an FTCA lawsuit "can be based on particular facts and theories of liability only when those facts and theories can be considered part of the plaintiff's administrative claim"). Therefore, Plaintiff's Counts I, VI, and VII should be dismissed.

Moreover, the FTCA's discretionary function exception prevents courts from exercising subject-matter jurisdiction over claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception "prevent[s] judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." *United States v. Gaubert*, 499 U.S. 315, 323, 325 n.7 (1991). The exception applies to "acts that are discretionary in nature, acts that involve an element of judgment or choice." *Spotts v. United States*, 613 F.3d 559, 567 (5th Cir. 2010).

Here, the discretionary function exception blocks both Plaintiff's negligent supervision claims and the largely duplicative general negligence claim.[4] Decisions regarding the manner of supervision involve a host of discretionary policy choices about the best rules, policies, and procedures for supervising BOP employees and are not specifically prescribed by statute or regulation. *See Shirley v. United States*, No. 4:03-cv-1385-Y, 2006 WL 708651, at *3 (N.D. Tex. Mar. 21, 2006) (collecting cases holding that "the manner in which the United States selects, trains, and supervises its employees, are discretionary functions"). Thus, as the Fifth Circuit has already found, "[s]upervising employees is certainly a discretionary function." *Dretar v. Smith*, 752 F.2d 1015, 1017 n.2 (5th Cir. 1985). Accordingly, Plaintiff's claims of negligent supervision—as well as

---

[4] Plaintiff's general negligence claim centers on how the BOP allegedly negligently hired and failed to monitor, investigate, train, supervise, or terminate certain employees. *See* Doc. 52-1, at 25–28.

her claims regarding employee hiring and training—are barred by the discretionary function exception. *See Dorsey v. Relf*, No. 4:12-cv-021-A, 2013 WL 791604, at *5 (N.D. Tex. Mar. 4, 2013), *aff'd*, 559 F. App'x 401 (5th Cir. 2014) ("Decisions regarding hiring, supervising, training, and retaining employees involve many public policy considerations and matters of judgment and choice for Bureau of Prisons employees making those decisions.").

Thus, Plaintiff has not only failed to state these claims of negligence as required for presentment, but she also cannot overcome the discretionary function exception as applied to her general negligence and negligent supervision claims (Counts I, VI, and VII). Accordingly, these claims should be dismissed.

D.      **The Court should dismiss Plaintiff's intentional infliction of emotional distress claims (Counts II and III) not only because Plaintiff has failed to exhaust these claims but also because they are not valid under Texas law.**

Plaintiff's intentional infliction of emotional distress ("IIED") claims, like all of her other claims, were not properly exhausted. *See supra* Section III.B. In addition, Plaintiff's IIED claims are inappropriate under Texas law. *See* 28 U.S.C. § 1346(b)(1) (providing for FTCA jurisdiction "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). "[A] claim for intentional infliction of emotional distress cannot be maintained when the risk that emotional distress will result is merely incidental to the commission of some other tort." *Standard Fruit & Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). For an IIED claim to be viable, the emotional distress must be the "intended or primary consequence" of the alleged action. *Id*. A

plaintiff cannot maintain an IIED claim if there is any other tort theory that may be applicable. *Day v. Rogers*, 260 Fed. App'x 692, 696 (5th Cir. 2007) (recognizing IIED as a "gap-filler" tort in Texas law that "arises only when a claimant has no other cause of action") (citing *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005)).

Plaintiff has not made any allegation even insinuating that the alleged sexual abuse was intended to cause her emotional distress, nor does she allege that the alleged emotional distress was the primary consequence of the alleged abuse. This is inadequate because Plaintiff could recover damages for mental anguish under a different theory. *See Standard Fruit*, 985 S.W.2d at 68 (noting IIED is not available as an alternative to "the recovery of mental anguish damages under more established tort doctrines."). Under Texas law, IIED is available only when "a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has *no other recognized theory of redress*." *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (emphasis added); *see also Roe v. United States*, 839 Fed. App'x 836, 847 (5th Cir. 2020) (denying a claim for IIED under the FTCA); *Cook v. United States*, No. 4:10-cv-291-A, 2010 WL 2990763, at *2 (N.D. Tex. July 28, 2010) (same). Here, Plaintiff could recover for her alleged mental anguish via another doctrine. Accordingly, her claim for intentional infliction of emotional distress is misplaced pursuant to Texas law and should be dismissed.

## IV.    Conclusion

This Court should dismiss this entire lawsuit because none of Plaintiff's claims have been properly exhausted. Moreover, Plaintiff did not present her negligence claims

**Defendant's Motion to Dismiss and Brief in Support – Page 12**

administratively, and those claims are also barred by the discretionary function exception. Furthermore, Plaintiff's intentional infliction of emotional distress claims are invalid under Texas law.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8737
Facsimile:    214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendant

Certificate of Service

On June 15, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney