UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PRISCILLA A. ELLIS,**

   Plaintiff,

v.                                                      **No. 4:26-cv-0172-P**

**UNITED STATES OF AMERICA, ET AL.,**

   Defendants.

## OPINION AND ORDER

Before the Court is the motion of United States of America to dismiss. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **GRANTED**.

## BACKGROUND

On December 14, 2022, the Federal Bureau of Prisons received from Plaintiff Administrative Tort Claim TRT-SER-2023-01697, alleging that she was consistently sexually abused from August 2019 through October 30, 2021, by Unit Manager Everett Cottrell while housed at the Admin Unit at FMC Carswell. ECF No. 57 at App. 004. On that date, the BOP acknowledged receipt of Plaintiff's tort claim and advised that the government had six months in which to make a final disposition regarding the claim. *Id.* at App. 009. Ultimately, by letter mailed December 4, 2023, the government declined the claim. *Id.* at 011–12.

On February 10, 2023, Plaintiff signed a complaint that was file-marked March 2, 2023, in the United States District Court for the District of Columbia. ECF No. 1. More than two years later, on May 19, 2025, Plaintiff filed an amended complaint. ECF No. 25. On February 3, 2026, the case was transferred to this Court. Minute order; ECF No. 38. On April 15, 2026, Plaintiff was allowed to amend her complaint once more. ECF No. 53.

In her second amended complaint, Plaintiff alleges that she presented her administrative claim on or around October 11, 2022, and that she filed her complaint in this action on March 2, 2023. ECF No. 52-1 at 25.

In her second amended complaint, for the first time, Plaintiff asserts claims against Everett Cottrell, Raul Campos, FNU Cohen, and Michael Carr. She alleges that Cottrell sexually assaulted her from May 11, 2019, until September 22, 2021. ECF No. 52-1, ¶¶ 102–25. Further, due to failures throughout the chain of command, including by Acting Warden Campos, Assistant Warden Cohen, and Warden Carr, sexual predators were free to prey upon incarcerated women. *Id.* ¶ 3.

United States filed a notice of substitution pursuant to 28 U.S.C. § 2679(d)(1), ECF No. 55, to which Plaintiff filed a frivolous objection. ECF No. 59.

## GROUNDS OF THE MOTION

United States urges that Plaintiff failed to properly exhaust her administrative remedies and that the Court lacks subject matter jurisdiction over her claims. ECF No. 56 at 5–7. In addition, Plaintiff's claims for negligence and negligent supervision are barred by the discretionary function exception. *Id.* at 7–11. And, Plaintiff's claims for intentional infliction of emotional distress under Texas law are not valid. *Id.* at 11–12.

## APPLICABLE LEGAL STANDARDS

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint in favor of the pleader. *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself

the factual issues that determine jurisdiction. *Id.* Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. *McNutt*, 298 U.S. at 189; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### ANALYSIS

Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), a claimant must file an administrative tort claim with the appropriate federal agency within two years of accrual of the claim. 28 U.S.C. § 2401(b); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claim accrues at the time of the plaintiff's injury. *United States v. Kubrick*, 444 U.S. 111, 120–23 (1979). The claimant must file her complaint within six months of the date the claim is denied by the agency. 28 U.S.C. § 2401(b). A claim is denied "the moment the government mails notice of an FTCA claim denial." *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012) (citing *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975)). A claim is forever barred if it is not properly presented in writing to the appropriate agency and not filed within six months of the date of mailing, by certified or registered mail, of the notice of final denial of the claim. 28 U.S.C. § 2401(b); *Broussard v. United States*, 52 F.4th 227, 229 (5th Cir. 2022).

Under the FTCA, an action cannot be instituted until the claim has been presented and the agency has either denied it or six months has passed after presentment without a denial. 28 U.S.C. § 2675(a). A claim is "presented" when it is received by the agency. *Spriggs v. United States*, 132 F.4th 376, 379 (5th Cir. 2025); 28 C.F.R. § 14.2(a). Presentment is a jurisdictional prerequisite. *Spriggs*, 132 F.4th at 379; *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016). Because it is a condition upon which the government consents to be sued, it "must be strictly construed in favor of the United States." *Barber*, 642 F. App'x at 413–14 (quoting *Atorie Air, Inc. v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991)). Likewise, an action cannot be filed until the six month period

from presentment has elapsed. *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). The court lacks jurisdiction over a claim filed too early; jurisdiction must exist at the time the claim is filed. *Id.*; *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013). Later denial of the claim does not cure the jurisdictional defect *See McNeil v. United States*, 508 U.S. 106, 111–13 (1993). Likewise, the court cannot stay or hold the case in abeyance to allow the time period to pass. *Gregory*, 634 F.2d at 204.

On December 14, 2022, the Bureau of Prisons received Plaintiff's tort claim. ECF No. 57 at App. 004. The Bureau notified her of receipt of the claim and told her to expect that an answer would be mailed on or before June 15, 2022. *Id.* at App. 009. Instead of waiting for an answer or for the six months to run, Plaintiff filed this action on March 2, 2023. ECF No. 1; ECF 52-1 at 25 (admitting the filing date). Thus, the Court lacks jurisdiction over her claims. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

The remaining grounds of the motion appear to have merit, but the Court need not consider them. United States has been properly substituted in the place of the individual defendants and no claims survive the motion to dismiss. (It appears that any claims against the individuals, if they could stand, would be barred by limitations in any event.)

## CONCLUSION

For the reasons discussed, the motion to dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED** for want of jurisdiction.

**SO ORDERED** on this **21st day** of **July 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4